ALLEN, Judge.
The employer and Nationwide Insurance appeal a workers’ compensation order by which benefits were awarded for the aggravation of a prior industrial injury, and responsibility was allocated between Nationwide and a prior carrier. The employer and Nationwide contend that the aggravation is noncompensable because it did not involve unusual physical exertion or repeated trauma, as addressed in University of Florida v. Massie, 602 So.2d 516 (Fla.1992). The claimant cross-appeals, and contends that the judge should not have denied and dismissed the claim against Nationwide after finding that Nationwide is responsible for a portion of the benefits. We conclude that Massie does not require unusual physical exertion or repeated trauma in these circumstances, and that the judge should not have denied and dismissed the claim against Nationwide as it was properly found to be responsible for a portion of the awarded benefits.
The claimant sustained an industrial injury to his back, and a subsequent industrial aggravation of that injury, with different carriers at risk for each of these occurrences. He filed a claim against the employer and both carriers, and the prior carrier accepted the initial injury as compensable. Nationwide denied compensability with regard to the aggravation, arguing that Massie announced a broad rule establishing that the compensability of all aggravations of preexisting conditions must be predicated on unusual physical exertion or repeated trauma. The judge rejected this interpretation of Massie, and found that the claimant sustained a compensable aggravation of the pri- or injury.
Massie involved an injury which the supreme court described as an exacerbation of preexisting multiple sclerosis, due to stress which did not encompass unusual physical exertion. The case was presented under the exposure theory delineated in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA), rev. denied, 388 So.2d 1119 (Fla.1980), and the court indicated that the exacerbation of the preexisting condition in Massie was not com-pensable because it did not involve unusual physical exertion, or repeated trauma or exposure of a physical nature. The court analogized the situation to heart attack cases involving physical failures which were not due to any external force or unusual exertion in the workplace.
The present case is unlike Massie as it does not involve a repeated trauma or exposure claim under Festa, or an exacerbation or aggravation without external force. Rather, the claimant’s prior back injury was aggravated by physical exertion, although such exertion was routine to the claimant’s job. Despite some isolated language in the opinion, Massie does not establish the broad and unqualified rule which Nationwide now advocates. Indeed, the supreme court noted in Zundell v. Dade County School Board, 636 So.2d 8 (Fla.1994), at fn. 3, that the unusual physical exertion rule from the heart attack cases had been extended to some other preexisting conditions such as the multiple sclerosis involved in Massie. This recitation clearly suggests that Massie did not announce a broad rule of applicability to all preexisting conditions.
Because the judge correctly found that the claimant sustained a compensable aggravation in the present case, it was appropriate to allocate responsibility for benefits between Nationwide and the prior carrier. However, Nationwide’s liability to the claimant is not thereby discharged, and the judge should not have denied and dismissed the claim against Nationwide. The ruling that the claimant sustained a compensable aggravation is therefore affirmed, but the denial and dismissal of the claim against Nationwide is reversed, and the case is remanded.
ZEHMER, C.J., and KAHN, J., concur.